1    WO

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                 FOR THE DISTRICT OF ARIZONA

8

9    Christopher Consago,                    No. CV-13-00326-TUC-DCB (EJM)

10              Petitioner,                   **REPORT AND
                                              RECOMMENDATION**
11   v.

12   J.T. Shartle, Warden,

13              Respondent.

14

15

16          Currently pending before the Court is Petitioner Christopher Consago's pro se

17   Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal

18   Custody ("Petition") (Doc. 1). Respondent filed a Return and Answer ("Response") (Doc.

19   11), and Petitioner filed a Rebuttal/Traverse ("Reply") (Doc. 21).

20          As an initial matter, the Court notes that the proper respondent in an action for

21   habeas corpus is the Petitioner's custodian, who at the time this action was filed was

22   Becky Clay. *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435–36 (2004).

23   The Court takes judicial notice that Becky Clay is no longer warden of United States

24   Penitentiary—Tucson ("USP—Tucson"). The Court will substitute the new Warden of

25   USP—Tucson, J. T. Shartle, as Respondent pursuant to Rule 25(d) of the Federal Rules

26   of Civil Procedure.

27          Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter

28   was referred to Magistrate Judge Markovich for a Report and Recommendation. The

Magistrate Judge recommends that the District Court dismiss the Petition without prejudice for failure to exhaust administrative remedies.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is currently serving a 151 month sentence for bank robbery with a projected release date of March 8, 2022.[1] (Doc. 11 Ex. 1 at ¶ 3; Attach. 4). Pursuant to the judgment, Petitioner was ordered to pay $8,588.00 in restitution and a $100.00 assessment. (Attach. 4). The Schedule of Payments indicates that a lump sum payment of $8,688.00 is due immediately, and notes under special instructions that "[t]he defendant's monthly payment schedule shall be an amount that is at least ten percent of his net monthly income." *Id.*

Petitioner filed his pro se Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus on May 8, 2013. (Doc. 1). Petitioner alleges four grounds for relief. In Ground One, Petitioner asserts that, pursuant to the decision in *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012), "a restitution payment schedule set by the B.O.P. is not legally binding under the Mandatory Victims Restitution Act [MVRA]." (Doc. 1 at 4.) Petitioner also argues that the language in the criminal judgment stating that "the defendant's monthly payment schedule shall be an amount that is at least 10 percent of his net monthly income," refers to his taxable income upon his release from prison, not his income while in prison. *Id.*

In Ground Two, Petitioner alleges that the "BOP is also unlawfully collecting restitution in the amount of $4,700.00 pursuant to [the judgment entered in a prior criminal case]" against Petitioner.[2] *Id.* at 5. Petitioner asserts that he was presented with a new IFRP contact on March 14, 2013 that also included collection of payment for the 1997 judgment. *Id.* This brings the total amount of restitution Petitioner owes under the IFRP contract to $13,388.00.

In Ground Three, Petitioner argues that the sentencing court failed to set a proper

---

[1] Case No. 1:11-CR-00233 (N.D. Ill. 2011)

[2] Case No. 1:96-CR-00300-1 (N.D. Ill. 1996)

1  payment schedule in accordance with the MVRA, that the BOP informally determined a

2  schedule of $50.00 per month, and that the district court cannot delegate its statutory duty

3  to the BOP to set a payment schedule. *Id.* at 6.

4       In Ground Four, Petitioner argues that without a proper order from the sentencing

5  court, "the BOP does not have the authority to require a schedule of restitution payments

6  collected while an inmate is participating in the IFRP." *Id.* at 7.

7  **II.   ANALYSIS**

8       i.   Jurisdiction

9       "Federal courts are always 'under an independent obligation to examine their own

10  jurisdiction,' … and a federal court may not entertain an action over which it has no

11  jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (*quoting*

12  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *overruled in part on other*

13  *grounds by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.,* 541 U.S. 774 (2004)).

14  "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the

15  sentencing court, while petitions that challenge the manner, location, or conditions of a

16  sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at

17  864. Therefore, a proper characterization of the petition is necessary to determine

18  jurisdiction. *Id.*

19       Additionally, the judicial power of this and all federal courts is limited to actual

20  cases or controversies. U.S. Const. art. III; *see also Flast v. Cohen*, 392 U.S. 83, 94-95

21  (1968); *Munoz v. Rowland*, 104 F.3d 1096, 1097 (9th Cir. 1997). "A petition for writ of

22  habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a

23  favorable decision of the court issuing a writ of habeas corpus." *Salazar-Torres v. Benov*,

24  2014 WL 4960586 (E.D. Cal.) (*citing Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th

25  Cir. 2005)); *see also Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

26       Respondent contends that the Petition should be dismissed because Petitioner

27  failed to directly appeal his restitution order and has therefore waived the arguments.

28  However, Petitioner is challenging the BOP's execution of the sentencing order and

judgment, i.e., its scheduling of payments through the IFRP, not the sentencing order itself. It is well established that a § 2241 petition is the proper vehicle through which a federal prisoner challenges the manner or execution of a sentence. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (a prisoner's challenge to the "manner in which his sentence was executed . . . [is] maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); *see also Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012) (considering whether the district court impermissibly delegated its authority to the BOP under the MVRA under § 2241); *United States v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008) (considering validity of IFRP requiring restitution payments at a greater rate than specified by the sentencing court under § 2241); *Moore v. Rios*, 555 F. App'x 720 (9th Cir. 2014) ("Because Moore's claim goes to the execution of the restitution order, specifically improper delegation, he properly brought his petition under § 2241, and he did not waive his argument by failing to challenge the restitution order before the sentencing court either on direct appeal or under 28 U.S.C. § 2255.").

In addition, to the extent that Respondent suggests Seventh Circuit case law should apply here because Petitioner's underlying conviction is from the District of Illinois, the Court rejects that argument. At the time of filing the Petition, Petitioner was incarcerated at FCI Tucson in Arizona, and the Petition challenges the manner in which Petitioner's sentence is being executed in the District of Arizona.[3] Accordingly, this Court has jurisdiction over this matter, and Ninth Circuit law properly applies to the Petition. *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990) ("jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.").

. . .

. . .

---

[3] While Petitioner has since been transferred to the FCI in Mendota, CA, Ninth Circuit law continues to govern this action.

ii.    Exhaustion

i.    *In General*

As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55 (1995). "Nevertheless, '[p]rudential limits like jurisdictional limits and limits on venue, are ordinarily not optional.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (alterations in original) (*quoting Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)).

> Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."

*Id*. (*quoting Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)).

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted). Courts have discretion to waive the exhaustion requirement where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted); *see also Acevedo–Carranza v. Ashcroft*, 371 F.3d 539, 542 n. 3 (9th Cir. 2004). A "key consideration" in exercising such discretion is whether "relaxation of the requirement

would encourage the deliberate bypass of the administrative scheme." *Laing*, 370 F.3d at 1000 (*quoting Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990)).

If a prisoner is unable to obtain an administrative remedy because of his failure to appeal in a timely manner, then the petitioner has procedurally defaulted his habeas corpus claim. *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994) (*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). If a claim is procedurally defaulted, the court may require the petitioner to demonstrate cause for the procedural default and actual prejudice from the alleged constitutional violation. *See Francis*, 894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate test); *Murray v. Carrier*, 477 U.S. 478, 492 (1986) (cause and prejudice test applied to procedural defaults on appeal); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 906–08 (9th Cir. 1986) (cause and prejudice test applied to *pro se* litigants).

ii.    *BOP Administrative Procedures*

The BOP has established an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Before filing a formal administrative grievance, an inmate is to "first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue  . . . " 28 C.F.R. § 542.13. A request for informal resolution is submitted using a BP–8 form. *See Nunez v. Duncan*, 591 F.3d 1217, 1219 (9th Cir. 2010).

The formal grievance system under the Administrative Remedy Program consists of three levels of review:

In the first level of review, an inmate files a formal Administrative Remedy Request written on a BP–9 form. The BP–9 form must be submitted to the Warden within 20 calendar days following the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a); *see also Nunez*, 591 F.3d at 1219 ("The BP–8 and BP–9 are linked. Both forms involve a complaint arising out of the same incident, and both forms must be submitted within 20 calendar days of the date of that incident.").

Second, if an inmate is dissatisfied with the Warden's response, the inmate may submit an appeal on a BP-10 form to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response to the inmate's Administrative Remedy Request. 28 C.F.R. § 542.15(a).

Third, "an inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a).

The deadlines contained within this process may be extended upon request by the inmate and a showing of a valid reason for delay. 28 C.F.R. § 542.15(a); 28 C.F.R. § 542.14(b). An appeal is considered filed on the date it is logged in the Administrative Remedy Index as received. 28 C.F.R. § 542.18. Once an appeal is filed, a Regional Director shall respond within 30 days; General Counsel shall respond with 40 days. *Id.* "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

### iii.    *Exhaustion in the Instant Case*

In the instant case, Petitioner admits that he did not exhaust his administrative remedies for any of the grounds in his Petition, and states that "it is futile to challenge BOP policy through administrative remedies." (Doc. 1 at 4). Respondent contends that the Petition should be denied based on Petitioner's faulty exhaustion. Respondent further notes that the BOP developed an "internal mechanism for addressing allegedly deficient restitution orders under [*Ward v. Chavez*]," but that rather than "attempting to resolve this issue through the process BOP instituted after the Ward case, Petitioner sought relief from this Court." (Doc. 11 at 8). In his Reply, Petitioner alleges that he did present his claims to prison staff on several occasions before filing his Petition. (Doc. 21 at 2). However, the forms that Petitioner attaches to his Reply are all dated September 2013

1    and thus were not submitted until after Respondent filed the Response in this matter.

2    (Doc. 21 Exs. B–D).

3        Respondent states that "[i]n April 2013, a written notice was to be posted in all

4    BOP housing units located in the Ninth Circuit to inform inmates about the Ninth

5    Circuit's recent decision in *Ward v. Chavez*." (Doc. 11 at 3; Ex. 1 at ¶ 12). The notice

6    reads as follows:

> NOTICE TO ALL INMATES CURRENTLY HOUSED IN
> BOP FACILITIES IN THE NINTH CIRCUIT
>
> Pursuant to the Ninth Circuit decision of <u>Ward v. Chavez</u>,
> 678 F.3d 1042 (9th Cir. 2012), Bureau of Prisons (BOP)
> inmates currently confined in the Ninth Circuit may request
> review of Restitution Orders that are "due immediately" **and**
> which have no court-ordered payment schedule. Upon
> request, review of such restitution orders may take place
> during the inmate's next scheduled Program Review, or
> review may occur upon request through the Administrative
> Remedy Process. If the Unit Team finds that the inmate's
> restitution order is 1) dated on or after April 24, 1996, 2) is
> "due immediately" and 3) lacks a court-ordered payment
> schedule that can be applied during imprisonment, the Unit
> Team will no longer include the restitution order when
> determining the financial obligations subject to collection
> under the Inmate Financial Responsibility Program.

17   (Doc. 11 Ex. 1 Attach. 6).

18       In *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012), the Ninth Circuit considered

19   the relationship between a federal criminal judgment ordering restitution and the BOP's

20   collection of such penalties pursuant to the IFRP. The *Ward* court found that "[f]or a

21   restitution order to be lawful . . . [18 U.S.C.] § 3664 requires that the district court set a

22   schedule in consideration of the defendant's financial resources." *Ward*, 678 F.3d at

23   1050. Where a "district court simply orders immediate repayment and leaves it to another

24   agency, like the BOP, to actually set the payment schedule that the statute obligates the

25   court to determine, that order is unlawful, as the district court has abdicated in its duty to

26   set the schedule 'in consideration of' the financial circumstances of the defendant." *Id*.

27   As such, the BOP "lacks the authority to collect restitution payments" through the IFRP

28

- 8 -

where the sentencing court did not set forth a proper payment schedule in the restitution order. *Id.* at 1051.

As a result of the decision in *Ward*, and as evidenced by the copy of the BOP Notice that Respondent provides, the BOP has apparently developed a protocol to address administrative remedy requests regarding restitution orders and an inmate's IFRP participation. The undersigned finds that the use of the administrative remedy process in this case would have allowed the BOP to investigate Petitioner's claims, and, if warranted, correct the alleged errors. While Petitioner contends that exhaustion would be futile, Petitioner has not filed any administrative requests for relief with the BOP, and thus he has not given any of the BOP's formal administrative levels of review an opportunity to consider his claim. *See Quinonez v. McGrew*, 2016 WL 1728980, at *1 (9th Cir. Apr. 29, 2016) (affirming district court's dismissal of § 2241 petition for failure to exhaust administrative remedies where petitioner "did not complete any level of the BOP's Administrative Remedy Program and there is no indication that his pursuit of those remedies would be futile."). Furthermore, the BOP's expertise is necessary to generate a proper factual record at the administrative level. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). As the Ninth Circuit Court of Appeals has recognized:

> the requirement of exhaustion of remedies [is to] aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.

*Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Accordingly, the undersigned finds that Petitioner has failed to exhaust his administrative remedies in this matter, and that exhaustion should not be waived. *See, e.g., Adkins v. Sanders*, 2013 WL 1090295 (C.D.Cal. Feb. 6, 2013); *Cornwell v. Sanders*, 2013 WL 692999 (C.D. Cal. Jan. 7, 2013). In light of Petitioner's failure to exhaust his administrative remedies, the undersigned therefore recommends that the District Court dismiss the Petition without prejudice.

. . .

## III.   RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1)   **SUBSTITUTING** J.T. Shartle, Warden, as Respondent for Becky Clay pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure; and

(2)   **DISMISSING** Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus without prejudice for failure to exhaust administrative remedies. (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-13-326-TUC-DCB**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 27th day of May, 2016.

Eric J. Markovich
United States Magistrate Judge