**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Christopher Consago,

Petitioner,

v.

Becky Clay,

Respondent.

No. CV-13-00326-TUC-DCB

**ORDER**

On July 23, 2013, this matter was referred to a magistrate judge, pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, and transferred to Magistrate Judge Eric J. Markovich, on April 22, 2014. He issued a Report and Recommendation (R&R) on May 27, 2016. (Doc. 30: R&R). He recommends that the Petition for Writ of Habeas Corpus, filed under 28 U.S.C. § 2241, be dismissed for failure to exhaust administrative remedies.

STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R from a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made.'" *Thomas v. Arn*, 474 U.S.

140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also*, Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, the Petitioner has not filed an objection to the recommendation to dismiss the Petition.

REPORT AND RECOMMENDATION

The Honorable Eric J. Markovich, United States Magistrate Judge, rejected the Government's challenge to this Court's jurisdiction because the Petition challenged the execution by the Bureau of Prison (BOP) of the sentencing order and judgment. Specifically, the Petition challenges the BOP's scheduling of restitution payments, not the sentencing order itself. Petitioner admitted he did not exhaust administrative remedies available through BOP's internal mechanism for addressing allegedly deficient restitution. In *Ward v. Chaves*, 678 F.3d 1042, 1050 (9th Cir. 2012), the court found that for a restitution order to be lawful under 18 U.S.C. § 3664, the district court must set the restitution schedule based on the financial circumstances of the defendant, the BOP lacks the authority to collect the award where the Court did not set out a proper payment schedule. Subsequent, to *Ward v. Chaves*, the BOP implemented protocols for addressing the very type of grievance made by the Plaintiff in his Petition. Instead of

proceeding under those protocols, he filed his Petition. Plaintiff's conclusory assertion that exhaustion would be futile fails in light of the specifically developed BOP protocol for addressing the Petitioner's claims.

While there are no objections and review has, therefore, been waived, the Court reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed de novo); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)). The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A), providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1).

**Accordingly**,

**IT IS ORDERED** that the Report and Recommendation (Doc. # 30) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff proceeding here *in forma pauperis* under 28 U.S.C. § 2241, in the event the Plaintiff files an appeal, the Court finds the appeal is not taken in good faith because an appeal would be frivolous as there is no

/ / /

/ / /

/ / /

/ / /

/ / /

substantial argument to be made contrary to this Court's determination recorded here. 28 U.S.C. 1915(a)(3) and FRAP 24(a); *Cruz v. Hauck*, 404 U.S. 59, 62 (1971).

Dated this 5th day of July, 2016.

David C. Bury
United States District Judge